## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

NICKOLAS A. KUNKES and LTD
TECHNOLOGY SERVICES, INC.,

    *Plaintiffs,*

v.

THOMAS A. BLUMENSHINE,

    *Defendant.*

Case No. 1:23-cv-01454-JEH-RLH

**ORDER REGARDING DISCOVERY MANAGEMENT, SUPPLEMENTATION, AND DEFENDANT'S MOTION TO STRIKE**

    This Order addresses several aspects of the parties' ongoing discovery dispute. For context, the Court held a hearing in early December 2025 to discuss "several discovery disputes that have arisen out of Plaintiff's requests for production of documents and interrogatories." (Minute Entry dated Dec. 4, 2025.) After the hearing, the Court instructed the parties that the "next step in this Courts discovery dispute resolution process" would be "to *jointly* complete and submit to the Court a Discovery Conference Table." (Minute Entry dated Dec. 4, 2025.) Despite that instruction, Plaintiffs unilaterally filed a Discovery Conference Table, (Doc. 57), the reason being that they were unable to obtain Defendant's agreement to a joint submission. Defendant has moved to strike Plaintiffs' table, explaining that he was not given enough time to review it. (Doc. 58.)

    The Court issues this Order pursuant to its authority under Federal Rules of Civil Procedure 26 and 37 to manage discovery and ensure the "just, speedy, and

inexpensive determination" of this action. Fed. R. Civ. P. 1. The Court emphasizes at the outset that this Order is procedural and managerial. The Court does not at this time resolve the merits of individual discovery objections or determine whether sanctions are warranted.

I.      **Some Governing Principles**

To start, the Court outlines four well-established principles that define the scope of discovery in federal court.

*First*, "the opposing party already has the documents" is not a basis to refuse discovery. A party may not decline to answer interrogatories or produce documents on the ground that the requesting party already possesses, has access to, or could obtain the information. *See* 4A J. Moore & J. Lucas, *Moore's Federal Practice* § 34.12 (2d ed. 1991) ("[I]t is no objection to discovery that the moving party may already have knowledge of the matters inquired into. This is true also of discovery of documents and other things under Rule 34."); *see also Puerto Rico Med. Emergency Grp., Inc. v. Iglesia Episcopal Puertorriquena, Inc.*, 318 F.R.D. 224, 230 (D.P.R. 2016) ("[R]esponding party is required to produce documents in its possession, custody, or control regardless of whether the requesting party is already in possession of the requested documents").

*Second*, "possession, custody, or control" is construed broadly. A party has "control" over documents if the party has the legal right or practical ability to obtain them, even if the documents are not in the party's physical possession or are maintained in another location or system. *See Dexia Credit Local v. Rogan*, 231 F.R.D.

538, 542 (N.D. Ill. 2004) ("On the issue of control, it is well-settled that a party need not have actual possession of the documents to be deemed in control of them; rather, the test is whether the party has a legal right to obtain them." (internal quotations and citations omitted)).

*Third*, objections do not substitute for answers. Where a discovery request seeks relevant and proportional information, objections must be followed by a substantive response. Narrative argument, accusations, or generalized assertions do not satisfy discovery obligations. *See* Fed. R. Civ. P. 34(b)(2)(B) (explaining that responding parties must "state with specificity the grounds for objecting to the request, including the reasons").

*Fourth*, access disputes are distinct from production obligations. Allegations that a party's access to systems or records has been restricted do not excuse compliance with discovery obligations and must be raised with specificity and separately from discovery responses.

## II. Required Supplemental Responses

To bring structure and clarity to the discovery record, Defendant shall provide supplemental responses to each interrogatory and request for production identified as disputed in Plaintiffs' Discovery Conference Table. For each such interrogatory or request, Defendant shall state, with reasonable specificity:

- whether responsive information or documents exist;
- whether the information or documents are within Defendant's possession, custody, or control;

3

- where the information or documents are ordinarily maintained (e.g., specific systems, platforms, physical locations); and
- if Defendant contends he lacks access, a description of what access is lacking, to which system or records, since when, and what efforts, if any, were made to obtain access or the records.

Generalized objections, argument, or blame-shifting narratives shall not be included in the supplemental responses.

### III. Access-Related Disputes

If Defendant contends that Plaintiffs have improperly restricted access to records or systems necessary to respond to discovery, Defendant shall raise that issue separately and with particularity, identifying:

- the specific system or records at issue;
- the nature of the alleged restriction;
- the date(s) on which access was allegedly denied;
- the relevance of the access to Defendant's discovery obligations.

Nothing in this Order precludes the Court from addressing access issues through a remedial order if warranted.

### IV. Supplemental Responses

Within twenty-one days of entry of this Order, Defendant shall produce the supplemental responses required in Sections II and III. In doing so, Defendant should be mindful of the principles outlined in Section I. The Court's preliminary review of

4

Plaintiff's Discovery Conference Table reveals that many—if not most—of Defendant's objections violate one or more of the rules outlined above.

## V. Defendant's Motion to Strike

After Plaintiffs filed their Discovery Conference Table, Defendant moved to strike it. Defendant explains that he was given "a mere 6 business days (or less) for" his counsel "to review 38 pages of detailed discovery objections and responses, during the Christmas and New Year's Holiday." (Doc. 58 at 2.) Because the Court was not a party to whatever communications did or did not occur between the parties' counsel, it cannot weigh in on whether Plaintiffs' filing was premature. In any event, the bottom line is that the Discovery Table was not filed jointly, as contemplated by this Court's Standing Order. Accordingly, Defendant's Motion to Strike will be granted.

Within fourteen days of receiving Defendant's supplemental responses, Plaintiffs may file a concise notice identifying any remaining disputes that, in their view, require Court intervention. The Court will then determine whether another discovery conference table, a hearing, motion practice, or other relief is appropriate.

## VI. Reservation of Authority

The Court expressly reserves all authority under Rule 37, including the authority to order fee-shifting or other appropriate relief, should noncompliance continue after clarification of the parties' obligations.

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Motion to Strike, (Doc. 58), is GRANTED. The Clerk is DIRECTED to strike Plaintiff's Response, (Doc. 57), from the docket. Additionally, Defendant shall, within twenty-one days of this Order, serve

5

Plaintiffs with the supplemental responses as required by this Order. Finally, within fourteen days of receipt of Defendant's supplemental responses, Plaintiff shall file a status report indicating what—if any—discovery disputes remain.

*So ordered.*

Entered this 12th day of January 2026.

s/ Ronald L. Hanna

Ronald L. Hanna
United States Magistrate Judge
