E-FILED
Friday, 06 November, 2026 01:18:52 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

NICKOLAS A. KUNKES and LTD TECHNOLOGY SOLUTIONS, INC.,
*Plaintiffs*,

v.

THOMAS A. BLUMENSHINE,

*Defendant*.

Case No. 1:23-cv-01454-JEH-RLH

## ORDER & OPINION

Now before the Court is Defendant's Motion to Set Aside the Court's Entry of Default. (Doc. 96). Because Defendant cannot prove good cause for the default and a meritorious defense, his motion is DENIED.

## BACKGROUND

This case arose from a failed business relationship between Plaintiff Nickolas Kunkes and Defendant Thomas Blumenshine, who together owned and operated the Plaintiff corporation LTD Technology Solutions, Inc. The crux of Plaintiffs' claim is that Defendant misappropriated corporate funds and property for his and his family's personal benefit.

A multitude of discovery issues have plagued this case. Since September 2025, discovery disputes have resulted in nine hearings, multiple conferences, three motions to compel, issuance of a writ of body attachment, and several court orders. (*See, e.g.,* Docs. 36, 51, 60, 72, 74, 75, 76, 77, 84, 87). In August 2026, the Court

imposed sanctions on Defendant for his repeated failures to abide by the Court's orders and the federal discovery rules. (Doc. 87 at 3).

Amid the case's many discovery issues, Plaintiffs filed two amended complaints. The Second Amended Complaint was filed on June 4, 2025 (Doc. 32). Defendant never responded to it. On August 11, 2026, Plaintiffs filed their Third Amended Complaint. (Doc. 89). The Court had reminded Defendant that he had fourteen days to answer the amended complaint. (Doc. 88). When Defendant failed to file an answer or other responsive pleading to the Third Amended Complaint, the Court sua sponte extended his deadline to respond by an additional fifteen days – until September 9, 2026. (Doc. 90). The Court reminded Defendant that his pro se status did not relieve him of his responsibility to comply with the Federal Rules of Civil Procedure and the Court's orders, and specifically warned him that failure to respond could result in an entry of default. *Id.* Nevertheless, Defendant allowed the deadline to pass without filing an answer or other responsive pleading.

Plaintiffs moved for entry of default against Defendant on September 10, 2026. (Doc. 91). Defendant filed a response to Plaintiffs' motion for entry of default, but his response did not address his obligation to respond to Plaintiffs' complaint. (Doc. 92). Rather, Defendant only addressed his efforts to provide supplemental discovery responses and documents to Plaintiffs. *Id.* Accordingly, because Defendant did not respond to Plaintiffs' amended complaint, the Court found that he had "failed to plead or otherwise defend" and directed the Clerk to enter Defendant's default pursuant to Fed. R. Civ. P. 55(a). (Doc. 93).

Following the entry of default (Doc. 94), Defendant moved to set aside the default and included his proposed answer to Plaintiffs' Third Amended Complaint with the motion. (Docs. 96; 96-1). Plaintiffs filed a response in opposition to Defendant's motion. (Doc. 97).

## LEGAL STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend … the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once entered, a court is permitted to set aside an entry of default "for good cause shown." Fed. R. Civ. P. 55(c). A party seeking to vacate an entry of default must show (1) good cause, (2) quick action taken to correct the default, and (3) a meritorious defense to the complaint. *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 630 (7th Cir. 2009). The test for vacating an entry of default is the same as the test for setting aside a default judgment under Rule 60(b), but it is applied more liberally. *U.S. v. Di Mucci*, 879 F.2d 1488, 1495 (7th Cir. 1989).

The Seventh Circuit "has a well established policy favoring trial on the merits over a default judgment." *Sun v. Bd of Trs. Of the Univ. of Ill.*, 473 F.3d 799, 811 (7th Cir. 2007). For this reason, default "should be used only in extreme situations, or when less drastic sanctions have proven unavailing." *Id.* However, a court "is justified in entering default against a party and refusing to vacate the default if the defaulting party has exhibited a willful refusal to litigate the case properly." *Davis v. Hutchins*, 321 F.3d 641, 646 (7th Cir. 2003).

## DISCUSSION

Plaintiffs concede that Defendant took quick action to correct the entry of default when he filed his instant motion nine days after the Clerk's entry of default. (Doc. 97 at 3). Therefore, the Court analyzes only whether Defendant can prove both good cause for the default and a meritorious defense to Plaintiffs' claims.

### I. Good Cause

Defendant argues that good cause exists to set aside the entry of default because, while his answer was due, he was "actively participating in the case and working to respond to Plaintiffs' discovery requests." (Doc. 96 at 1). Defendant suggests that he did not understand that these discovery efforts did not satisfy his obligation to respond to the Third Amended Complaint. Plaintiffs respond that good cause does not exist because Defendant knew an answer was required and, nevertheless, failed to comply.

A party moving to vacate an entry of default must show there is good cause for the court to set aside the default. *Cracco*, 559 F.3d at 630. As used in Rule 55(c), good cause "is not a synonym for excusable neglect." *Sims v. EGA Products, Inc.*, 475 F.3d 865, 868 (7th Cir. 2007). "Rule 55(c) requires 'good cause' for the judicial action, not 'good cause' for the defendant's error." *Id.* A court, therefore, examines whether there is good cause for it to take action to vacate the default, not whether there is a good excuse for the defendant's inattention to the case. *Id.*

Courts tend to find that good cause exists where a failure to respond was caused by an inadvertent mistake. *See Cracco*, 559 F.3d at 631. Furthermore, because Rule 55(c) requires good cause for the judicial action, good cause may still exist even

if a court finds there is no good cause for the defaulting party's failure to respond. *See Sims*, 475 F.3d at 868 (finding good cause where default would result in damages disproportionate to the defendant's wrong). However, courts have repeatedly found that good cause does not exist "[w]here it appears that the defaulting party has willfully chosen not to conduct its litigation with the degree of diligence and expediency prescribed" by the court. *C.K.S. Engineers, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1205 (7th Cir. 1984); *see also Passarella v. Hilton Intern. Co.*, 810 F.2d 674, 676 (7th Cir. 1987) (The Seventh Circuit "[has] upheld the entry of default judgment in cases where parties have … blatantly hindered the [] court's efficient handling of the case."); *Inryco, Inc. v. Metropolitan Engineering Co., Inc.*, 708 F.2d 1225, 1231 (7th Cir. 1983) (upholding a district court's denial of a motion to vacate default judgment after finding a "record replete with inexcusable omissions, deceits, and irresponsibilities," including the defaulting party's failure to answer the original or amended complaints, respond to interrogatories, and appear at multiple status calls).

In this case, Defendant implies his failure to respond to Plaintiffs' amended complaints was inadvertent because he mistakenly believed his continued participation in discovery was equivalent to filing an answer. The Court, however, expressly directed Defendant to file *an answer or other responsive pleading* to the Third Amended Complaint on two separate occasions. (*See* Docs. 88, 90); *see also Milbank Ins. Co. v. Dennhardt*, 2021 WL 2434023, at *3 (finding defendants did not show good cause when they received multiple notices regarding the lawsuit but chose

not to respond). Defendant was familiar with the requirement to respond to a complaint, as he had previously filed a responsive pleading to Plaintiffs' initial complaint.[1] (Doc. 7). After the Second Amended Complaint was filed, Defendant produced responses to Plaintiffs' discovery requests, yet none of these constituted an answer to the amended complaint; if he truly believed participating in discovery amounted to an answer, the Court's express notice that he had not answered the Second Amended Complaint should have alerted him that this belief was mistaken. Under these circumstances, Defendant's failure to answer the Third Amended Complaint cannot reasonably be attributed to mistake or inadvertence. Furthermore, Defendant's active participation in other aspects of the case does not excuse his failure to answer Plaintiffs' pleading. *See Medline Industries, Inc. v. Medline Rx Financial, LLC*, 218 F.R.D. 170, 172-73 (N.D. Ill. 2003) (failure to answer a pleading because of ongoing settlement discussions does not establish good cause to vacate default).

Had Defendant's noncompliance with the Court's orders to answer the amended complaint been an isolated incident, the Court might have been inclined to believe that his failure to answer was a mistake. But that is not the case here. Throughout this case, Defendant has repeatedly disregarded the Court's directives. For instance, in January 2026, the Court ordered Defendant to serve Plaintiffs with supplemental responses to interrogatories and requests for production within twenty-one days. The Court extended that deadline at Defendant's request following his

[1] Granted, Defendant was represented by counsel when his Motion to Dismiss was filed.

counsel's withdrawal from the case (Text Order dated Feb. 5, 2026), yet Defendant still did not comply with the Court's order to respond to Plaintiffs' interrogatories and requests. (*See* Doc. 76). The matter was set for a May 11, 2026 hearing, at which Defendant was again ordered to produce the requested discovery. (Doc. 77). In resolving the dispute in August 2026, the Court noted that "[Defendant]'s attempts to comply with the Court's orders and the federal discovery rules should have been made long before May 11, 2026," and found Defendant's noncompliance warranted imposition of sanctions. (Doc. 87 at 3).

Defendant proceeded pro se for substantial portions of this case. Accordingly, the Court has granted him considerable leeway.[2] But Defendant's status as a pro se litigant does not excuse him from compliance with the law. *See Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994) ("Although [pro se litigants] benefit from various procedural protections not otherwise afforded to the ordinary attorney-represented litigant, … pro se litigants are not entitled to a general dispensation from the rules of procedure or court imposed deadlines.") (internal citations omitted). The circumstances in this case suggest that Defendant willfully chose not to respond to the amended complaint. Defendant has not demonstrated good cause for his failure to comply with the Court's orders. Deadlines and procedural rules exist to ensure the orderly and efficient administration of justice. To allow Defendant to knowingly disregard the Court's directives and answer Plaintiffs' pleadings on his own timeline

[2] For example, the Court noted that Defendant's discovery responses did not "fully satisf[y] every discovery request or compl[y] in every respect with the Court's prior orders," but considered his pro se status in finding he had made a good faith attempt at compliance. (Doc. 87 at 2-3).

– if at all – would undermine the purpose of the Court's procedures. As the Seventh Circuit has explained, "[j]udges must be able to enforce deadlines. Doing so means the use of sanctions, even severe ones such as default, when parties ignore the ongoing proceedings …." *Matter of Kilgus*, 811 F.2d 1112, 1118 (7th Cir. 1987).

Accordingly, the Court finds that Defendant has failed to show good cause for his default.

## II. Meritorious Defense

Even if Defendant had shown good cause for the default, he still must also prove he has a meritorious defense to Plaintiffs' claims. Defendant maintains that he has an "arguably meritorious defense." Plaintiffs respond that nothing in Defendant's proposed answer establishes that he has a meritorious defense.

A meritorious defense for the purposes of Rule 55(c) means "more than bare legal conclusions, ... but less than a definitive showing that the defense will prevail." *Parker v. Scheck Mech. Corp.*, 772 F.3d 502, 505 (7th Cir. 2014) (citations omitted). A meritorious defense is not necessarily a winning defense, "but rather one which at least raises a serious question regarding the propriety of a default judgment and which is supported by a developed legal and factual basis." *Jones*, 39 F.3d at 165. A defaulting party's denial of liability must be supported with specific facts in order to establish a meritorious defense. *Wehrs v. Wells*, 688 F.3d 886, 891.

In his proposed answer, Defendant admits many of Plaintiffs' allegations concerning his use of corporate funds for his personal benefit, but disputes the

amount of money he allegedly misappropriated.[3] Elsewhere in the proposed answer, Defendant defends his expenditures by stating he "denies the legal characterization of the transaction" or by asserting that he informed Kunkes of the transaction. (Doc. 96-1 at 4). Plaintiffs' allege Defendant misappropriated $309,394.28 in corporate funds, while Defendant maintains that "the amount alleged by Plaintiffs does not accurately represent the amount of improper of personal expenditures." (Doc. 96-1 at 5). Though he acknowledges using corporate funds for certain personal expenditures, Defendant denies that he breached any fiduciary duties or misapplied or wasted corporate assets. (Doc. 96-1 at 8-9).

Plaintiffs compare this case to *Wehrs v. Wells*.[4] 688 F.3d at 886. In *Wehrs*, a district court entered a default judgment against a pro se defendant, a stockbroker, who made multiple unauthorized stock trades without the plaintiff-investor's permission. *Id.* at 888. The defendant moved to vacate the default judgment, arguing that he had a meritorious defense because "all transactions were authorized" and the

[3] For example, Defendant admits that he used corporate funds to purchase a country club membership, but "denies that the membership was used *solely* for his personal benefit" because "the membership was also used for Company business," though he "acknowledges that the membership was also used for personal and recreational golf." (Doc. 96-1 at 4) (emphasis added). Defendant's answer is replete with similar denials and admissions. *See, e.g., id.* ("Defendant admits that Company funds were used to make a payment of approximately $22,169.80 to Lexus of Orlando. Defendant states that the vehicle was primarily used by his wife but was also frequently used in connection with LTD business."); (Doc. 96-1 at 5) ("Defendant admits that certain Company funds were used to pay charges associated with Amazon, PayPal, Netflix, NBC Sports Gold, and Home TV … Defendant denies that the entire amount alleged in this subparagraph constituted personal expenditures …"); (Doc. 96-1 at 6) ("Defendant admits that LTD made payments toward the five credit-card accounts identified in this subparagraph … Defendant denies that the *total* payments identified in this subparagraph constitute improper personal expenditures …") (emphasis added).

[4] Although *Wehrs* involved a motion to vacate a default judgment under Rule 60(b), this case involves only an entry of default under Rule 55(c). The standard for setting aside an entry of default is more liberally applied than the standard for vacating a default judgment. *Cracco*, 559 F.3d at 631. Nevertheless, Defendant must satisfy the requirements for relief under Rule 55(c).

amount of damages set forth in the complaint was inaccurate. *Id.* at 890. The Seventh Circuit found these arguments insufficient to establish a meritorious defense, as the defendant "provided no specific facts or evidence to support his general denial of the complaint's allegations" and, in fact, "implicitly admitted the complaint's allegations when contesting the amount of damages." *Id.* at 890-91.

Like the defendant in *Wehrs*, Defendant's objections to the amount of corporate funds he allegedly misappropriated arguably constitute implicit admissions of at least some of Plaintiffs' allegations. While his proposed answer provides more information than the response of the defendant in *Wehrs*[5], Defendant similarly provides no supporting evidence for his defenses. For instance, he asserts that, though he used corporate funds for family vacations, he conducted business while on those vacations. (Doc. 96-1 at 5). Yet he does not substantiate this assertion with, for example, documentation of meetings with customers or records of sales calls during the trips. *See McLaurin v. Samsic Airport America*, 2026 WL 2622450, at *6 (N.D. Ill. Sept. 4, 2026) (finding the defendant had a meritorious defense because he substantiated it with written documentation, emails, and declarations supporting his allegations); *Hernandez v. All Clean Services, LLC*, 2023 WL 12193564, at *4 (N.D. Ill. Oct. 17, 2023) (defendant had a meritorious defense because she presented an affidavit "affirmatively showing that, if true, [she] could not be held liable for [the plaintiff]'s claims"); *Hodson v. Grant Cnty. Comm'rs*, 2026 WL 1560554, at *3 (N.D. Ind. May 21, 2026) (defendants' defense was meritorious because it "offer[ed] both

[5] Defendant has filed a ten-page proposed answer, while the defendant in *Wehrs* "ma[de] only a single conclusory statement that the transactions were authorized." 688 F.3d at 890.

statutory interpretation and citations to the factual record in support of their argument”).

Moreover, the defendant in *Wehrs* only implicitly admitted to wrongdoing. 688 F.3d at 890. Here, Defendant expressly acknowledges using corporate funds for certain personal expenditures. Defendant principally disputes the amount of improper expenditures and maintains that certain transactions served legitimate business purposes. This is not a meritorious defense. *Pascal v. Top Tier Safety, Inc.*, 2019 WL 2357020, at *2 (N.D. Ill. June 4, 2019) (defenses that “concern only damages, not liability” “do not qualify as meritorious defenses under Rule 55(c)”). Defendant’s proposed answer does not sufficiently substantiate his asserted defenses, and it raises no serious questions as to the propriety of an entry of default. *Jones*, 39 F.3d at 165. Accordingly, the Court finds that Defendant has not shown he has a meritorious defense.

Because Defendant has proven neither good cause nor a meritorious defense, the Court finds he has not met the requirements for the entry of his default to be vacated.

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Motion to Set Aside the Entry of Default is DENIED. Plaintiffs are directed to file an appropriately supported motion for default judgment no later than thirty days following entry of this order.

*So ordered.*

Entered this 6th day of November 2026.

s/Ronald L. Hanna
Ronald L. Hanna
United States Magistrate Judge